UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN EAGLESTON,

    Petitioner,

v.                           Case No. 5:17-cv-512-Oc-33PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on John Eagleston's pro se 28 U.S.C. § 2254 Petition for writ of habeas corpus, filed on October 16, 2017. (Doc. # 1). The Secretary of the Florida Department of Corrections and the Attorney General for the State of Florida, as respondents, filed a response in opposition on March 5, 2018. (Doc. # 11). Eagleston filed a reply on April 27, 2018. (Doc. # 15). Upon review, the Petition must be dismissed as time-barred.

**I.    Background**

In June 2013, Eagleston entered a plea of *nolo contendere* to robbery with a deadly weapon and first-degree murder before a Florida state court. (Doc. # 12-1 at 18-21, 23). As part of Eagleston's plea agreement, he was to be adjudicated guilty

of those offenses and the State would recommend two concurrent terms of life in prison. (Id. at 23, 37-38). The plea was accepted and, on June 28, 2013, Eagleston was sentenced to life imprisonment. (Id. at 47-53). Eagleston did not file a direct appeal.

On February 13, 2017, Eagleston filed a pro se motion for post-conviction relief in state court. (Id. at 59-65). In that motion, Eagleston argued that his motion was timely filed in light of the Supreme Court's 2016 decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and that Hurst applied retroactively.[1] (Id.).

After accepting briefing from the parties, the state trial court entered an order on April 10, 2017, denying the motion for post-conviction relief. (Id. at 84-85). Eagleston appealed this decision, unsuccessfully, and the mandate issued on September 1, 2017. (Id. at 108, 111, 113). Eagleston then filed the instant Section 2254 Petition on October 16, 2017. (Doc. # 1).

---

[1] In Hurst, the Supreme Court held that Florida's capital sentencing scheme – under which a jury made an advisory recommendation on sentencing to a judge, but the judge made the critical findings needed to impose a death sentence – was unconstitutional. See 136 S. Ct. at 622.

2

**II. Discussion**

Section 2254 petitions must be filed within one year of the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment precluding the movant from making a motion is removed; (3) "the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, because he did not take a direct appeal, Eagleston's conviction became final on July 29, 2013. See Gonzalez v. Thaler, 565 U.S. 134, 154 (2012) (holding that "with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2254(d)(1)(A) when the time for seeking such review expires[.]"); Fla. R. App. P. 9.140(b)(3) (allowing 30 days for defendants to file a notice of appeal).

Notably, in his Section 2244 Petition, Eagleston concedes that his Petition is untimely "based on the time

when his judgment and sentence became final." (Doc. # 1 at 7). Rather, he argues that his Petition is timely because he filed it within one year of the Florida Supreme Court's decision in Mosley v. State, 209 So. 3d 1248 (Fla. 2016), which made Hurst retroactive in certain cases. (Id.). Eagleston's argument, however, fails for two reasons.

First, the Supreme Court's decision in Hurst was issued on January 12, 2016. Eagleston did not file his federal habeas petition until more than a year later, in October 2017. However, the Court recognizes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under Section 2244(d). 28 U.S.C. § 2244(d)(2). The problem for Eagleston is that he did not file his state post-conviction motion until February 13, 2017, also more than one year after Hurst. (Doc. # 12-1 at 59-65). When the federal limitations period has already expired, a state motion for post-conviction relief will not serve to toll the time under Section 2244(d)(2). Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that Florida prisoner's state post-conviction motion, which was filed one year and four months after judgment became final, did not

4

toll the one-year limitations period to file his federal habeas petition). As the Eleventh Circuit has explained, state court petitions that are filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." Id. (citation and internal quotation marks omitted).

Second, petitioners may start the statute-of-limitations clock on the date on which a constitutional right was initially recognized by the Supreme Court, **only if** "the right has been newly recognized by the Supreme Court **and made retroactively applicable to cases on collateral review**." 28 U.S.C. § 2244(d)(1)(C) (emphasis added). As an initial matter, to the extent Eagleston argues that the Florida Supreme Court's decision in Mosley started the Section 2244(d)(1) clock, he is mistaken because that statute only applies to new rules of constitutional law announced by the United States Supreme Court. See Alvarez v. Crews, No. 13-60664-CIV, 2014 WL 29592, at *5 (S.D. Fla. Jan. 3, 2014) (explaining that Section 2244(d)(1)(C) only pertains to opinions issued by the United States Supreme Court).

Further, after the parties completed their briefing in this case, the Eleventh Circuit determined that the rule announced in Hurst is not retroactively applicable under

5

Teague v. Lane, 489 U.S. 288 (1989). Knight v. Fla. Dep't of Corrs., 936 F.3d 1322, 1336-37 (11th Cir. 2019). Thus, because the Hurst rule is not retroactive, Eagleston cannot use the date that the Supreme Court issued its ruling in Hurst as the starting point for the applicable one-year limitations period. See 28 U.S.C. § 2244(d)(1)(C).

The Eleventh Circuit in Knight specifically addressed the Florida Supreme Court's Mosley decision, explaining that in Mosley the Florida Supreme Court applied its own retroactivity standard, which is broader than the Teague standard, and thus the Mosley decision has no bearing on the question of whether Hurst is retroactively applicable in federal proceedings. Knight, 936 F.3d at 1332-34 ("[T]hat state-law retroactivity determination [in Mosley] has no significance in federal court. . . . So Florida may design and apply its retroactivity principles as generously as it wishes. But notwithstanding Florida's decision to apply Hurst . . . retroactively as a matter of state law, as a federal court we are required to perform the Teague analysis to determine whether prisoners can receive retroactive relief under federal law."). Because Hurst has not been made retroactive to cases on collateral review, Section 2244(d)(1)(C) is not applicable, and the Petition is

6

untimely.

For these reasons, Eagleston's Section 2244 Petition is untimely and must be dismissed.

### III. **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Eagleston has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Eagleston to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

John Eagleston's pro se 28 U.S.C. § 2254 Petition for writ of habeas corpus (Doc. # 1) is **DISMISSED** as time-barred. The Clerk is directed to enter judgment against Eagleston and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of February, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE